No. 1,572.

## BURCHAM *v.* BURCHAM.

CONTRACT.—*Condition for Maintenance in Deed.—Breach of.—Ability of Beneficiary to Support Himself.*—Where a father conveyed to his son certain land, "upon the express condition and consideration that the said grantee shall furnish and supply   *   *   [B], a nephew of the grantor, with suitable food, shelter, and raiment, when the said   *   *   [B] shall be unable to provide for himself," a refusal of B's request for shelter, etc., can not be construed as a breach of

Burcham *v.* Burcham.

the condition of the conveyance, where the record does not disclose but that the refusal was because of B's ability to provide himself with all he needed, and where there are circumstances evincing a full recognition of his (the grantee's) legal duty and a willingness to perform it.

From the Washington Circuit Court.

*D. M. Alspaugh* and *J. C. Lawler*, for appellant.

*H. Morris, Elliott* and *Hostetter*, for appellee.

GAVIN, J.—The father of appellant, in 1875, conveyed to him certain lands "upon the express condition and consideration that the said grantee shall furnish and supply James R. Burcham [the appellee], a nephew of the grantor, with suitable food, shelter and raiment when the said James R. Burcham shall be unable to provide for himself."

Appellee's complaint alleged that he was seventy years of age, poor, without means of support or any shelter of his own, and physically unable to work and provide them for himself; that upon demand appellant had wholly refused and neglected to provide for his wants. Damages were therefore asked for the breach of the contract. A general denial closed the issues. The only questions presented here are raised by an exception to the conclusions of law upon the facts specially found by the court.

From the special finding, it appears that the deed was made and accepted as averred; that appellee was an old man, physically unable to labor and earn money; that for a number of years appellant did supply his wants, but in 1890 appellee received a pension of $96 per year, together with several hundred dollars of back pension. He then released appellant for the time being, and from that time until April, 1894, supported himself, except for some fifty days, when he was laid up "from injuries received from falling," during which time he was cared for by appellant's agent and brother at his house. In

April, 1894, being then living and cooking alone, he went to defendant's said agent and demanded shelter elsewhere than in said cottage (where he was then living) because he was too old and infirm to longer reside alone, and requested said agent to allow him to occupy a room at said agent's house, in which the family lived, and his request not being complied with, he has been boarding elsewhere, paying his own expenses since April, 1894.''

It further appears that appellee had over and above his indebtedness about $150 in money and a note for $23, the remains of his pension money. We have not included in his debts the fee for his attorneys in this case, because it had not been incurred at the time of the alleged breach.

The court found that appellee ought to be boarded in some family at an expense for food, raiment, and shelter, of not to exceed $165 per year, of which appellant should pay part; that his expectancy of life was five years, and that appellant should pay $450 damages, present and prospective. The conclusion of law was that appellee ought to recover that sum from appellant.

The only question discussed by counsel is whether or not, under the facts found, appellee was, within the terms of the deed, ''unable'' to provide for himself. That appellant was bound to provide for appellee when the time arrived that he was unable to provide for himself, is not disputed; neither is it denied that the inability referred to includes not only physical but financial inability. Clearly it was intended by the grantor that appellant should respond for appellee's needs only when the necessity therefor arose. Under the facts found, appellee had on hand, outside of his pension, sufficient means to support himself for a year; that he would not be compelled to strip himself to the last dollar, we think to be true; and that he would have a right to reserve sufficient

means for burial expenses, we think also true; and if it appeared that medical attention and nursing were requisite, that he might also reserve for that purpose a reasonable amount, may also be conceded, but he has a fixed income of $96 per year which he may apply to that purpose, and in the absence of any finding, even indicating that this sum would be insufficient for that purpose, we do not feel free to so declare.

The breach is alleged and found to have occured in April, 1894. It therefore devolves upon appellee, by the special finding, to show affirmatively his inability to provide for himself that which he demanded that appellant should furnish him.

In view of the fact that he had on hand, at the time of trial, means sufficient for a full year's support, and in view of the express finding that in addition to having that sum then in hand he had supported himself from his own means from the time of the alleged breach to the time of trial, we can not conclude that he was unable to do that which he in fact did do. We do not see how his ability to support himself could be more fully demonstrated than by his actually providing for all his wants from his own means during all the time in which he claims appellant was in default, and still having left in his hands more than a full year's support.

In our opinion there is not shown any breach of appellant's obligation. There is nothing in the finding to indicate that appellant had made any effort or exhibited any disposition to repudiate the obligation which clearly rested upon him to furnish food, shelter and raiment whenever the necessity for resorting to him should arise. On the contrary, his conduct before the pension was received, and after appellee was hurt by the fall, evinces a full recognition of his legal duty and a willingness to perform it.

So far as the record discloses, the only reason for the refusal of appellee's request may have been his evident ability to provide for himself all that he needed. There is nothing disclosed in the record which would authorize either the appellee or the court to presume that appellant will refuse to do his duty when the proper time shall arrive.

We are of opinion that justice requires that we order a new trial. The judgment of the court below is, therefore, reversed, with instructions to grant a new trial if asked for by appellee.

Filed Mar. 22, 1895; petition for a rehearing overruled May 28, 1895.